**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, et al., Plaintiffs,**

v.

**Jerry L. CALHOUN, et al., Defendants.**

No. 85–2688C(6).

United States District Court, E.D. Missouri.

May 5, 1987.

James I. Singer, Schuchat, Cook & Werner, St. Louis, Mo., Kevin M. Grile, Staff Counsel, American Federation of Government Employees, AFL–CIO, Nothfield, Ill., for plaintiffs.

Ruth E. Peters, Steven H. Svartz, William E. Persina, Susan Berk, F.L.R.A., Washington, D.C., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

Plaintiffs American Federation of Government Employees, AFL–CIO (AFGE) and American Federation of Government Employees, AFL–CIO, Local 2192 (AFGE Local 2192) brought this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, challenging a decision of the Federal Labor Relations Authority not to review the merits of an arbitrator's award concerning standards instituted by the Veterans Administration for evaluation of the performance of Veterans Claims Examiners (VCE's) at the Veterans Administration Regional Office in St. Louis (VARO, St. Louis). AFGE is the labor organization certified to act as exclusive representative for a nationwide bargaining unit of employees of the Veterans Administration. AFGE Local 2192 is the authorized agent of AFGE for purposes of providing representation for employees of the VARO, St. Louis.

Plaintiffs challenge the standard employed at the VARO, St. Louis for evaluating the quantity of work performed by VCE's, which plaintiffs allege contravenes federal regulations governing the establishment of performance evaluation standards by federal agencies set forth at 5 C.F.R. Part 430. Briefly, each type of veterans benefit application processed by VCE's at the VARO, St. Louis has been assigned a number or "end product." Evaluation of the work output of VCE's, which affects an employee's eligibility for employment benefits, turns on a comparison of the amount of end product produced per hour over a twelve month period by an individual VCE with the average end product production in the same period. The average production for the VARO, St. Louis is recalculated every two weeks to reflect recent production, making it impossible for VCE's to calculate the amount of individual output necessary to "meet", "exceed" or "far exceed" the standard. Plaintiffs protest that this system of performance evaluation violates 5 C.F.R. Part 430, which requires performance standards to be based on agency requirements for the position and to specify the amount of work needed, requires an agency to communicate its standards at the beginning of an appraisal period, and prohibits an agency from pre-establishing a distribution curve for performance appraisals.

Pursuant to the collective bargaining agreement between AFGE and the Veterans Administration, AFGE Local 2192 filed a grievance alleging that the described performance standard violated federal regulations. After a failure to resolve the grievance under the collective bargaining agree-

ment, AFGE Local 2192 invoked arbitration in accordance with Article 14, Section 1 of the agreement. Arbitrator Thomas J. Erbs conducted a hearing on the grievance on December 14, 1984. On March 13, 1985 Arbitrator Erbs issued his award, finding the matter to be arbitrable and ruling in favor of the VARO, St. Louis.

On April 10, 1985 AFGE Local 2192 timely filed exceptions to Arbitrator Erbs's award with the Federal Labor Relations Authority (the Authority), arguing that the award was contrary to federal regulations. On July 22, 1985 the Authority issued a decision on AFGE Local 2192's exceptions in which, upon concluding that the grievance was not arbitrable, the Authority declined to reach the merits of the Union's exceptions. The Authority stated that arbitration awards finding grievances challenging an agency's establishment of performance standards to be grievable and arbitrable were "uniformly ... deficient, as contrary to management's rights to direct employees and to assign work under section 7106(a)(2)(A) and B of the [Federal Service Labor-Management Relations Statute]."

On August 6, 1985 AFGE Local 2192 filed a motion for reconsideration of the Authority's decision, which was denied on September 11, 1985.

Plaintiffs now seek to have this Court declare an affirmative obligation on the part of the Authority to address AFGE Local 2192's exceptions to Arbitrator Erbs's award on the merits. In essence plaintiffs seek a declaration that their grievance is in fact arbitrable and that the Authority erred in its interpretation of the Management Rights provision of the Act.

Defendants move the Court to dismiss the complaint for lack of subject matter jurisdiction. Because the Court concludes that the Act does not confer jurisdiction over plaintiffs' complaint, *See Columbia Power Trades Council v. Department of Energy*, 671 F.2d 325, 327 (9th Cir.1982); *cf.* 5 U.S.C. § 7123 (delimiting scope of judicial review in courts of appeals), and that plaintiffs have failed to allege action by the Authority in excess of its delegated powers and contrary to a specific and man-

datory provision of the Act such as would support the exercise of extraordinary jurisdiction by the Court, *compare Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the Court grants defendants' motion.

The Federal Service Labor-Management Relations Act, 5 U.S.C. §§ 7101 et seq. (1980), provides the exclusive scheme governing federal labor relations. *Carter v. Kurzejeski*, 706 F.2d 835, 837 (8th Cir. 1983). Both the language of the statute and the legislative history evince a clear congressional intent that the role of the federal courts in public labor relations be sharply restricted. *Columbia Power*, 671 *F.2d at 326–27.*

Section 7123 of the Act sets forth the scheme for judicial review of Authority decisions. Section § 7123(a)(1) contemplates judicial review of Authority action in arbitration cases by the courts of appeals, and then only if the order involves an unfair labor practice. District Court jurisdiction is limited to the power upon the petition of the Authority to impose temporary injunctive relief in aid of a complaint of unfair labor practice. 5 U.S.C. § 7123(d). The statute makes no provision for an aggrieved party to petition a district court for relief. *Columbia Power*, 671 F.2d at 327. Subject matter jurisdiction therefore cannot be founded upon the Act.

In exceptional circumstances, a district court may exercise jurisdiction to review an Authority order made "in excess of its delegated powers and contrary to a specific prohibition of the Act." *Leedom v. Kyne*, 358 U.S. 184, 188, 79 S.Ct. 180, 184, 3 L.Ed.2d 210 (1958). The invocation of this jurisdiction is extraordinary. To justify *Leedom* jurisdiction, the party seeking to invoke it must identify a "specific provision of the Act which, although it is 'clear and mandatory' was nevertheless violated." *Physicians National House Staff Association v. Fanning*, 642 F.2d 492, 496 (D.C. Cir.1980) (en banc) (quoting *Leedom*, 358 U.S. at 188, 79 S.Ct. at 183), *cert. denied*, 450 U.S. 917 (1981); *see also Council of Prison Locals v. Brewer*, 735 F.2d 1497 (D.C.Cir.1984); *N.L.R.B. v. Van Gorp*

**194**

*Corp.*, 615 F.2d 759, 760 n. 1 (8th Cir.1980) (jurisdiction exists to review decision of National Labor Relations Board where Board has clearly exceeded statutorily granted powers.)

 Plaintiffs assert that the Authority's refusal to consider the merits of AFGE Local 2192's exceptions to Arbitrator Erbs's award constitutes such a manifest dereliction of duty as to support the exercise of jurisdiction by this Court. The Court cannot agree.

■ Section 7122(a) of the Act governs Authority review of an arbitrator's award. Section 7122(a) provides that

> [e]ither party to arbitration under this chapter may file with the Authority an exception to any arbitrator's award ... If upon review the Authority finds that the award is deficient
>
> 1) because it is contrary to any law, rule, or regulation; or
>
> 2) on other grounds similar to those applied by federal courts in private sector labor management relations
>
> the Authority may take such action and make such recommendations concerning the award as it considers necessary, consistent with applicable laws, rules or regulations.

The Court does not read this provision to mandate review of exceptions to an arbitrator's award on the merits. Rather, the provision confers upon the Authority discretion to take whatever action it deems necessary upon a finding that the award is deficient. In the case now before the Court the Authority deemed the arbitrator's award deficient because the Authority interpreted the Management Rights provision of the Act to bar arbitration of grievances arising out of the establishment of performance standards by a federal agency. In making this determination the Authority was acting in accordance with the discretionary power conferred upon it by § 7122(a); hence, the Court cannot say that the Authority thereby violated a "clear and mandatory" provision of the Act.

■ It may be that the Authority erred in its determination of non-arbitrability.

As plaintiffs argue, § 7106(a) of the Act vests in management exclusive control over the setting of performance standards "in accordance with applicable laws," 5 U.S.C. § 7106(a)(2). Plaintiffs have a strong argument that this limitation should be enforceable by contractual grievance and arbitration procedures. *See generally* F. Elkouri & E.A. Elkouri, "Legal Status of Federal Sector Arbitration" in *How Arbitration Works* (4th ed. 1985), p. 58. None of the substantial authority submitted by defendants clearly holds otherwise, as it focuses on the non-negotiability of matters covered by § 7106(a), which is a separate issue. This Court, however, may not assert jurisdiction over plaintiffs' complaint on the basis of an error in legal interpretation by the Authority in its exercise of statutorily-defined power. *Physicians National*, 642 F.2d at 496, *citing cases.*

The Court concludes that it is without jurisdiction over plaintiffs' complaint. The action is accordingly dismissed.